## Ex parte McCULLAR.

## McCULLAR v. STATE.

### (6 Div. 453.)

(Supreme Court of Alabama.  May 14, 1925.)

**1. Criminal law ⊚⟶784(4)—Requested circumstantial evidence charge misleading.**

In prosecution for burglary, where evidence showed that crime had been committed by two persons in co-operation, charge that if, after considering all the evidence, jury should find that guilt depended on circumstantial evidence, conviction should not be had if circumstances were reconcilable with theory that some other person had committed crime, *held* misleading and properly refused.

**2. Criminal law ⊚⟶798(1)—Requested charge on doubt of individual juror improper.**

Requested charge that each of jurors is entitled to his own conception as to what constitutes reasonable doubt of guilt, and that evidence must be so strong that it convinces each beyond all reasonable doubt, and that if, after consideration of all the evidence, a single juror has reasonable doubt of guilt, there can be no conviction, *held* improper.

Certiorari to Court of Appeals.

Petition of Nelson McCullar for certiorari to the Court of Appeals, to review and revise the judgment and decision of that court in the case of McCullar v. State, 20 Ala. App. 585, 104 So. 436.  Writ denied.

Curtis, Pennington & Pou, of Jasper, for appellant.

Counsel argue for error in refusal of the charges set out in the opinion, and cite: (1) Tatum v. State (Ala. App.) 100 So. 569;[1] Jones v. State, 18 Ala. App. 116, 90 So. 135; Cannon v. State, 17 Ala. App. 82, 81 So. 860; Newell v. State, 16 Ala. App. 77, 75 So. 625; Machen v. State, 16 Ala. App. 170, 76 So. 407; McKenzie v. State, 19 Ala. App. 319, 97 So. 155; Gay v. State, 19 Ala. App. 238, 96 So. 646; James v. State, 18 Ala. App. 236, 89 So. 864; Pickens v. State, 115 Ala. 42, 22 So. 551; Acree v. State, 63 Ala. 234; Ott v. State, 160 Ala. 29, 49 So. 810; Gilmore v. State, 99 Ala. 154, 13 So. 536. (2) McHan v. State (Ala. App.) 101 So. 81;[2] Green v. State, 19 Ala. App. 239, 96 So. 651; Doty v. State, 9 Ala. App. 21, 64 So. 170; Jones v. State, post, p. 390, 104 So. 773.

Harwell G. Davis, Atty. Gen., opposed.

Brief of counsel did not reach the Reporter.

PER CURIAM. The writ is denied. The court thinks the following ought to be said in addition:

[1] The trial court refused the following charge requested by defendant:

"I charge you that if, after considering all the evidence in this case, you find that the guilt of the defendant depends upon circumstantial evidence, then I charge you a conviction should not be had, no matter how strong the circumstances may be, if they are reconcilable with the theory that some other person committed the crime for which he is prosecuted."

If it be error to refuse this charge in any case, there was no error in this case for the reason that the evidence went to show that the crime under investigation had been committed by two persons in co-operation. This fact rendered the charge misleading.

[2] The following charge was refused to defendant:

"The court charges the jury that each and every one of you are entitled to have his own conception of what constitutes a reasonable doubt of the guilt of this defendant, that, before you can convict him, the evidence of his guilt must be so strong that it convinces each juror of his guilt beyond all reasonable doubt, and if, after a consideration of all the evidence, a single juror has a reasonable doubt of the defendant's guilt, then you cannot convict him."

This charge was condemned in the recent case of Alonzo Jones v. State, post, p. 390, 104 So. 773.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.